■ IRVING FENNER et al., Appellants, v ABRAMS, FENNER & GRAVITZ, INC., et al., Respondents.—In a declaratory judgment action to determine the rights of the parties under certain agreements and to declare null and void a certain stockholders meeting, plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County, dated March 24, 1976, as, after a nonjury trial, limited their stock ownership in the defendant corporation to 40%. Judgment affirmed insofar as appealed from, with costs. Plaintiffs, owners of 50% of the issued and outstanding stock of defendant corporation, entered into an agreement, dated July 1, 1972, under which they and defendants Morton A. Abrams and Nathan S. Abrams were to transfer a percentage of their stock to the other individual defendants, Marvin Rosen and Jerome Abrams. Plaintiffs contend that the said agreement was ambiguous and that Special Term erred in refusing to admit parol evidence in explanation thereof. We find, however, that there was no ambiguity in the agreement. By its terms it is clear that each plaintiff was required to transfer a sufficient number of shares of his stock pursuant to the agreement so that, collectively, the plaintiffs would retain a total of only 40% of the stock of the defendant corporation. Hopkins, Acting P. J., Martuscello, Latham and Damiani, JJ., concur.

■ PHILIP F. FISHER et al., Appellants, v JEAN A. SOLOMON et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered July 6, 1976, which is in favor of defendants and against them, upon a jury verdict. Judgment affirmed, with one bill of costs jointly to respondents. The verdict in favor of defendants was supported by substantial evidence in the record. Hopkins, Acting P. J., Martuscello, Latham and Damiani, JJ., concur.